MARY KEUSCHER, Respondent, v. THE SUPREME
COUNCIL OF THE UNITED STATES BENEVOLENT
FRATERNITY, Appellant.

St. Louis Court of Appeals, November 11, 1890.

**Where a Constitutional Question** is raised by the record in the trial court, the appeal is returnable to the supreme court.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

*Transferred to the Supreme Court.*

THOMPSON, J.—In this case a motion was made to compel the defendant to produce certain books and papers. The defendant showed cause against the same, and, among other reasons why the order should not be granted, showed, " that to give the plaintiff unbridled license to pry into the business papers and records of the defendant that is sought by this application, would be violative of section 11 of article 2 of the constitution of Missouri. This section is the one which guarantees immunity from unreasonable searches and seizures, and the question raised is understood to be similar to that which was before the supreme court in *Ex parte Brown*, 72 Mo. 83. The court, nevertheless, made the order, and the defendant having failed or refused to comply with it, the court, on motion of the plaintiff, struck out the defendant's answer. Thereupon the defendant's counsel withdrew, and the court proceeded to hear the evidence and to render judgment as upon a *nil dicit*. From this judgment the defendant prosecutes this appeal, and questions the propriety of the order requiring it to produce its books and papers. It is thus to be seen that a constitutional question was raised by the

record in the trial court, and that the appeal was, therefore, regularly returnable to the supreme court. Whether the defendant could waive this constitutional question, so as to give this court jurisdiction, we need not consider; for counsel for the defendant have announced at the bar of the court that they do not intend to waive it. We must, therefore, transfer the cause to the supreme court for want of jurisdiction in this court to hear and determine the appeal. It is so ordered. All the judges concur.